[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR PAYMENTOF EXPENSES
The defendant, Charles Cottle, is charged with attempted murder. By motion dated September 11, 1995, Cottle seeks a court order directing the state to pay "such expenses and costs of defense, exclusive of counsel fees, or such expense as may be deemed reasonable and necessary to conduct an adequate defense." A hearing was held on this motion on September 21, 1995. At that hearing, counsel stated that the defense was requesting payment CT Page 10064 for a psychiatric examination of Cottle estimated to cost three thousand ($3,000.00) dollars. In support of the motion, Cottle submitted a current financial affidavit.
A criminal defendant is entitled, under certain circumstances, to have experts provided at state expense. Statev. Clemons, 168 Conn. 395, 403 (1975). In order to qualify for state payment of experts, a defendant must demonstrate that 1) he or she is an indigent person and 2) that the requested expert will furnish information that is material and necessary to provide an adequate defense. Id.
After reviewing the financial affidavit submitted by Cottle, the court is unable to find that he is an indigent person. The affidavit reflects that while Cottle has no current income he does own one half interests in two pieces of residential real estate in East Haven, Connecticut. According to the affidavit, Cottle's share of the equity in those properties is $65,000.00. In addition, the affidavit lists as assets stock valued at $3,500.00 and camera equipment valued at $1,500.00. All in all, the financial affidavit lists the cash value of all Cottle's assets as $72,850.00. The defense asserts that these assets are unavailable to pay the costs of defense because they cannot be converted to cash. The defense points out that as to the defendant's home and personal property, his wife has started a dissolution of marriage action and has filed a motion to prevent Cottle from disposing of any assets. As to the second piece of real estate, the defense states that Cottle's mother has life use of the property that prevents it from being sold. Finally, Cottle claims that the stock listed on the financial affidavit cannot be sold because he has lost the stock certificates.
The court is aware that Cottle is being held in custody on the pending charges having been unable to post a $150,000.00 bond. Nevertheless, his financial affidavit lists substantial assets that should be available to pay the costs of his defense. Cottle is represented by privately retained counsel in both this criminal case and the divorce matter. While it may require some ingenuity to convert these assets to cash, his present financial status does not make him indigent so as to qualify for state funds to pay an expert witness.
For the reasons set forth above, the motion for payment of expenses is denied. CT Page 10065
Dated at New Haven, Connecticut this 25th day of September, 1995.
Robert J. Devlin, Jr., Judge